### In re BROWN CO.
### No. 20136.

District Court, D. Maine, S. D.
March 14, 1939.

Phipps, Durgin & Cook, of Boston, Mass. (Robert A. B. Cook, of Boston, Mass., of counsel), for unsecured creditors' committee.

J. P. Rooney, of Boston, Mass., for Securities & Exchange Commission.

Leonard A. Pierce, of Portland, Me., for trustees.

Rosenberg, Goldmark & Colin, of New York City (George K. Hourwich, of New York City, of counsel), for debtor.

Ropes, Gray, Boyden & Perkins, of Boston, Mass. (John Hopkins, of Boston, Mass., of counsel), for bondholders committee.

John P. Carleton (of McLane, Davis & Carleton), all of Manchester, N. H., for preferred stockholders.

PETERS, District Judge.

The following motion, upon which a hearing has been had, is before the court for determination: "Pursuant to the provisions of Sections 208 and 276c(2) of Chapter 10 of an Act of Congress to amend an Act entitled An Act to establish a uniform system of bankruptcy throughout the United States, approved July 1, 1898, as amended June 22, 1938, the Securities and Exchange Commission respectfully moves this court to approve the filing of a notice of its appearance in this proceeding."

Section 208, 11 U.S.C.A. § 608, which the Securities and Exchange Commission desires the court to apply to this case, provides that upon approval of a notice of its appearance in a proceeding the Commission shall be deemed a party in interest with a right to be heard on all matters arising, with the same effect as if a petition to intervene had been allowed, except that it has no right of appeal.

As this proceeding was begun on a petition approved more than three months before the effective date of the recent Amendment to the Bankruptcy Act, it is apparent that the court must determine the extent to which a proposed application of any provisions of Chapter 10 is practicable before any such provisions can apply. Sec. 276c(2), 11 U.S.C.A. § 676(c) (2).

■ The situation of this proceeding is such, I think, that it is convenient and not unfair to any interest for the Commission to file its appearance so that it may receive all notices, be heard in all matters arising, as other parties are heard, and deemed an intervenor in respect of all matters in the proceeding.

It follows that the application of the provisions of Section 208 to the proceeding is deemed and held to be practicable, and an order will be entered granting the motion of the Commission for permission to file its appearance under and for the purpose of that section.

■ At the hearing no particular objection was advanced to the motion itself, but there was strong objection, by all parties in interest represented, to a statement or proposition in an affidavit filed in support of the motion, as follows: "As an additional consideration, it appears that it is practicable to apply to this case the provisions, among others, of Section 172 of Chapter 10 of the Bankruptcy Act, as amended [11 U.S.C.A. § 572], and presumably pursuant to Section 276c(2) of that Act, any plan or plans of reorganization which may be filed herein deemed by this Court worthy of consideration will be referred to the Commission. Upon such reference the Act authorizes the Commission to make an examination of, and to report on, such plan or plans."

From the above-quoted statement of the position of the Commission it would appear that an appearance, if permitted, is intended to be preliminary to an application to the Court for an order applying to the proceedings a number of other sections of the Amended Act, changing the procedure now in progress under Section 77B, of the old Act, 11 U.S.C.A. § 207, so that the plan of reorganization shall be submitted to the Commission for consideration and report, and other appropriate proceedings taken in accordance with the new Act, before continuing with the steps now being taken to bring the matter to a conclusion.

As this feature of the case has been presented and argued it seems proper, and perhaps will be helpful in expediting the matter, for the Court to state its position now.

The proceeding has been pending more than three years. Large and greatly diversified interests are involved. The debtor has outstanding more than 21 million dollars of bonds, with defaulted coupons since 1935, 100 thousand shares of preferred stock of the par value of $100, and 400 thousand shares of common stock of no par value. The unsecured debts amount to about 1½ million dollars without interest. An affidavit filed with the motion indicates that the number of investors in the securities is as high as ten thousand. Committees representing interested parties have been working for many months on a plan of reorganization which, after protracted negotiations and effort, has quite recently taken a form said to be acceptable in its main features to the committees and others working on the matter, and it is expected that the plan will shortly be ready to be presented to the holders of the securities and debts of the corporation. Negotiations with the RFC for a loan to the new corporation of some nine million dollars, which have been in progress for some time, it is confidently hoped are about to be favorably concluded. In all respects the proceeding, which has already been pending too long, is about ready for the final stage of actual reorganization.

The high standing and ability of the gentlemen who have the matter in charge, and the amount of time and effort they have generously given to it, warrant the expectation that the plan will be as well adapted to the situation as any that may be devised.

The cooperation of the S.E.C. some time ago might have been both helpful and time-saving. At the moment time is a matter of first importance. The situation of the business, while operated by the trustees as efficiently as possible under prevailing conditions, is such that any delay in the proceedings not previously calculated upon might be dangerous to a successful consummation.

To interrupt the proceedings at this stage, and wait the length of time necessary for agents of the S.E.C. to acquire the information requisite for any well considered opinion or action on its part, would be

too hazardous to be permitted. This is well understood by the parties in interest and would be clear to the S.E.C. if more fully informed.

As the matter now stands, the court would feel obliged to deny an application based upon the "additional consideration" advanced by the S.E.C. and above referred to; but this is without prejudice to a later application if the conditions should change.