In re BROWN CO.
No. 20136.

District Court, D. Maine, Southern Division.
Jan. 2, 1941.

Cook, Hutchinson, Pierce & Connell, of Portland, Me., for petitioner.

Joseph P. Rooney, of Boston, Mass., for Securities and Exchange Commission.

PETERS, District Judge.

On May 9, 1940, the National Bank of Commerce, of Portland, Maine, was appointed agent and the Royal Bank of Canada, of Montreal, sub-agent of this court, for the purpose of receiving acceptances of the plan of reorganization.

The National Bank of Commerce, which took the principal responsibility in the matter and was the agent in direct contact with the court and the one to whom the court looked for responsible performance of the duties imposed, made a report at the hearing for confirmation of the plan, held on October 21, 1940, showing the necessary acceptances received, and has now filed its petition for approval of charges made for services and expenses of the agent and sub-agent.

On this petition notice was ordered and given by mail to the petitioner, the trustees, the debtor, all counsel of record, all committees of bondholders, all committees of stockholders, all committees of creditors, the trustee under the mortgage securing the bonds, the Reconstruction Finance Corporation, the Securities and Exchange Commission, and also a general notice by publication.

On the return day the S. E. C. appeared by counsel and objected to the allowance of the petition for compensation and expenses on the grounds:

1. That notice of the hearing had not been given under Section 247 of the Chandler Act and that no affidavits had been filed as required by Section 249 of that Act.

2. That the service rendered by the petitioner in the case is but one among many services rendered and should not be considered separately.

3. That all petitions for compensation and services should be taken up by the Court at one time.

At the same time the S. E. C. filed a motion that the court "fix a time for the filing of all petitions for compensation for services rendered and reimbursement for

proper costs and expenses in this case, and for a hearing thereon, all of said petitions to be considered at said hearing and to be in compliance with Section 249 of the Chandler Act and other applicable provisions of the Chandler Act and that at the said hearing to be had on said petitions the applicable provisions of the Chandler Act should be complied with, including the giving of notice under Section 247."

This proceeding was begun on September 4, 1935, and has uniformly continued under Section 77B of the old Bankruptcy Act, 11 U.S.C.A. § 207, except 'that on March 14, 1939, on motion of the S. E. C., that Commission was permitted to file an appearance under Sections 208 and 276, sub. c(2) of the Chandler Act, 11 U.S.C.A. §§ 608, 676, sub. c(2). At that time it was indicated in a memorandum filed by the Court, 26 F.Supp. 843, that it was not its policy to put in force other sections of the Chandler Act in this proceeding, and a suggestion that other sections be used was disapproved.

■ The objections that notice was not given and that affidavits were not filed, as required by the sections of the Chandler Act referred to, must be overruled, because those sections have not been made applicable to the proceeding.

■ The objections that this petition should not be considered separately and that all matters of compensation should be considered together at a later date, involve a question of policy which, in effect, has already been decided by the routine followed in other cases, and in this case when the compensation of the special master was determined. In matters of this kind it has been found a more satisfactory practice in this jurisdiction to settle and get out of the way expenses of special court agencies before the matter of compensation of counsel and committees is taken up. Those matters are usually considered together, being in a somewhat different category.

■ The motion filed in connection with the objections mentioned brings up the question as to whether it is now necessary or expedient to put in force in this proceeding the sections of the Chandler Act which would call for further notice to creditors and stockholders on this petition and require the banks seeking compensation to file affidavits showing transactions, if any, in claims against or stock of the debtor since the commencement of the proceeding. Such action could be taken by the Court in the exercise of its discretion if it were deemed practicable to do so, Chandler Act § 276, sub. c(2); but I do not think the situation calls for a finding of practicability and the application to this petition of the sections mentioned. All the requirements of Section 77B, under which the proceeding is progressing, have been met. Further notice to security holders and creditors would simply involve unnecessary labor and expense. Their interests have been and are fully protected by actively functioning committees represented by competent and vigilant counsel. The extensive notice of the hearing on this petition, already given, has resulted in no objections except this one as to procedure, now being considered. It is hardly conceivable that any further notice would have any other result.

■ As to the advisability of·now requiring affidavits under the Chandler Act to be filed: This point, like the matter of additional notice, was brought up at the hearing on this petition. Thereupon the National Bank of Commerce voluntarily filed an affidavit, showing no dealings in the securities of or claims against the debtor since the commencement of the proceeding. A similar affidavit was filed by the attorneys for that bank. No reason has been suggested why the sub-agent, the Royal Bank of Canada, could not do the same thing, except for the fact that it has some seven hundred branches in various parts of Canada. This would appear to mean seven hundred affidavits. However, that would not be allowed to stand in the way of applying Section 249 of the Chandler Act, 11 U.S.C.A. § 649, if it seemed necessary to do so.

■ The Canadian bank, like the Portland bank, was not acting in the representative or fiduciary capacity referred to in Section 249. It was an instrumentality of the Court, acting as a depositary of assents to the plan by interested persons in Canada. It had no discretion as to the performance of its duties, which were administrative in nature.

■ It should not be overlooked that this case proceeded for three years under section 77B of the old Act, before the Chandler Act took effect. It is not in the interest of good procedure to now commence to inject parts of the Chandler Act

278

into the law governing this case, unless it is necessary to do so to expedite the case or correct some evil which could not be corrected under section 77B.

■ It is not necessary to make use of the Chandler Act to take care of a situation, if any such should appear, where persons acting in a representative or fiduciary capacity in the proceedings have dealt in the securities of the debtor corporation, possibly to their own advantage.

The section of the Chandler Act referred to was passed as much to codify and give general application to the previously established law on the subject, as to promulgate a new rule. In re Paramount-Publix Corporation, D.C., 12 F.Supp. 823, 828; American United Mutual Life Ins. Co. v. City of Avon Park, 61 S.Ct. 157, 85 L.Ed. ——, opinion of Supreme Court handed down November 25, 1940.

The motion is denied.